**Yemane Woledy GEBKIRSTOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74322.
Agency No. A79–062–986.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2006.*

Decided April 17, 2006.

Vera A. Weisz, Esq., Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Robbin K. Blaya, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BROWNING, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Yemane Gebkirstos petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a). Without reaching Gebkirstos's claims for withholding of removal and CAT relief, we grant the petition and remand to the BIA for further consideration.

### I

We accept Gebkristos's unrebutted testimony as true because neither the IJ nor the BIA made an adverse credibility finding. *Knezevic v. Ashcroft,* 367 F.3d 1206, 1209 (9th Cir.2004). In 1998, after the forcible deportation of his mother and eleven-year old brother to Eritrea, Gebkirstos, an ethnic-Eritrean Ethiopian, was arrested and incarcerated for two weeks by the Ethiopian police. While in detention, Gebkirstos was severely mistreated, falsely accused of belonging to the Eritrean People's Liberation Front, and stripped of his passport and identification documents. Because he was a young man who could be conscripted into the Eritrean army, Gebkirstos was forcibly expelled

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

into Kenya rather than being deported to Eritrea as was his family. He was dropped at the border, given one hour to cross, and threatened with "serious consequences" should he ever return to Ethiopia.

Gebkirstos made his way as a refugee from Kenya to South Africa, where he worked, allegedly illegally, as a street vendor on a three-month, renewable immigration permit. Gebkirstos lived and worked in South Africa from October 1998 to May 24, 2001. He left when he had saved enough money to pay a smuggler, who placed him without a valid ticket on a flight from Johannesburg to Atlanta, Georgia. He arrived in Atlanta on May 24, 2001 without valid permission to enter the United States, and immediately applied for asylum.

## II

Because the BIA appears to have conducted a *de novo* review of the record, we limit our review to that order. *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000); *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995). We must affirm the agency's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole," and may reverse only if the record evidence compels a holding in petitioner's favor. *Prasad v. INS*, 47 F.3d 336, 338–39 (9th Cir.1995). However, when "important aspects of the individual claim are distorted or disregarded, denial of relief is arbitrary" and remand for proper consideration is required. *Tukhowinich v. INS*, 64 F.3d 460, 464 (9th Cir.1995).

## III

The BIA affirmed the IJ's decision without reaching Gebkirstos's claims for withholding of removal and CAT relief, finding Gebkirstos had not proven past persecution because his "account of brief detention by Ethiopian authorities does not rise to the level of persecution envisioned by the Act." However, in credible testimony, Gebkirstos claimed not only to have been arrested and detained because of his Eritrean ethnicity, but also, for the same reason, to have been stripped of his citizenship and forcibly expelled from Ethiopia, under threat should he return.

We have previously held that, "[w]ithout prescribing any final result, we must remand ... for proper consideration" when "important aspects of the individual claim are distorted or disregarded" because in such cases, "denial of relief is arbitrary." *Id.* Such is the case here, where the BIA failed to discuss the denationalization and forcible expulsion circumstances as bearing on past persecution. The Seventh Circuit's recently stated, in a procedurally and factually similar case, that "a program of denationalization and deportation would indeed seem to constitute persecution." *See Giday v. Gonzales*, 434 F.3d 543, 554 (7th Cir.2006); *see also Knezevic v. Ashcroft*, 367 F.3d 1206, 1212 (9th Cir.2004) (holding that petitioners who fled in advance of the mid–1990s Croation invasion of Serbia had suffered past persecution as a result of the Croat program of ethnic cleansing, defined as "the systematic attempt to eliminate an ethnic group from a country or region as by forced expulsion or mass execution"). As the denationalization and forcible expulsion circumstances raise colorable claims of persecution, denying relief without addressing those circumstances was arbitrary and capricious. *Tukhowinich*, 64 F.3d at 464.

As to Gebkirstos's well-founded fear of future persecution, the BIA found that he had failed to establish such fear, relying on a State Department report suggesting changed country conditions. If, however, Gebkirstos suffered past persecution, he was entitled to the presumption of such a fear, and it was the government's burden

to rebut that presumption, not his to establish. *See* 8 C.F.R. § 208.13(b)(1). Moreover, we have previously held that "a State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution." *Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1074 (9th Cir.2004).

Accordingly we grant the petition for review and remand for further consideration in light of this decision.

PETITION FOR REVIEW GRANTED; REMANDED.

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.